1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8   In re.                                    No. C 11-4204 SI (pr)
                                              No. C 11-4205 SI (pr)
9   LARRY LIONEL WHITE,                       No. C 11-4206 SI (pr)

10          Petitioner.                       **ORDER OF DISMISSAL**

11   _____/

12

13          Larry Lionel White was convicted in San Francisco County Superior Court of several

14   counts of kidnapping and rape, with several sentence enhancements.  He was sentenced to 50

15   years to life in prison in 2008.  He appealed; his conviction was affirmed by the California Court

16   of Appeal and his petition for review was denied by the California Supreme Court.

            White then filed a *pro se* federal petition for writ of habeas corpus, *White v. Cash*, Case
17
     No. C 10-4555 SI, to challenge his conviction.  That action is still pending.
18
            A year later, he filed these three additional *pro se* petitions for writ of habeas corpus, with
19
     a separate petition to challenge the sentences imposed on three counts of which he was
20
     convicted: Case No. C 11-4204 challenges the sentence imposed on Count 2; Case No. C 11-
21
     4205 challenges the sentence imposed on Count 4; and Case No. C 11-4206 challenges the
22
     sentence imposed on Count 5.  White has filed amendments, "annexes," and a motion to stay in
23
     these actions.
24
            All three of these actions must be dismissed.  A petitioner generally may only file one
25
     habeas petition per state court judgment.  He must include in a single petition all of his claims
26
     pertaining to the conviction *and sentence* covered by that judgment.  *See Burton v. Stewart*, 549
27

28

U.S. 147 (2007)(action had to be dismissed because *Apprendi* challenge to sentence was a second or successive petition to earlier petition challenging conviction); *see also Hill v. State of Alaska*, 297 F.3d 895, 898 (9th Cir. 2002) (although the term "second or successive" in § 2244(b) is not defined in the statute, the Supreme Court and various circuit courts "have interpreted the concept incorporated in this term of art as derivative of the 'abuse-of-the-writ' doctrine developed in pre-AEDPA cases. . . . An 'abuse-of-the-writ' occurs when a petitioner raises a habeas claim that could have been raised in an earlier petition were it not for inexcusable neglect.")  White cannot have four different petitions challenging the same judgment.  Any challenge to the sentences imposed would have to be asserted, if at all, in Case No. C 10-4555 SI, as that is the first petition that challenges the judgment.  These three later actions must be dismissed.

Generally , a second or successive petition challenging the same judgment may not be filed in this court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  However, when a new *pro se* habeas petition is filed before the adjudication of the first petition is complete, the new petition should be construed as a motion to amend the pending first petition rather than as a § 2244(b) successive petition.  *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008) (petitioner's second *pro se* habeas petition was not successive under § 2244 and should instead be construed as a motion to amend because it was filed while his previous petition was still pending before the district court).  The district court then has the discretion to decide whether the motion to amend should be granted.  *Woods*, 525 F.3d at 890.

*Woods* applies here because the first petition (Case No. C 10-4555) is still pending and has not yet been adjudicated.  Thus, the court construes the three new petitions to be motions to amend the third amended petition in Case No. C 10-4555 SI, and denies leave to amend.  Leave to amend is denied because the three new petitions (together with their amendments and annexes) assert only state law error claims.  A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that she is in custody

in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  In other words, "it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."  *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (emphasis in original).  Federal habeas relief is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *see, e.g.*, *Little v. Crawford*, 449 F.3d 1075, 1082 (9th Cir. 2006) (claim that state supreme court misapplied state law or departed from its earlier decisions does not provide a ground for habeas relief); *Moore v. Rowland*, 367 F.3d 1199, 1200 (9th Cir. 2004) (per curiam) (state's violation of its separation-of-powers principles does not give rise to a federal due process violation).  Leave to amend need not be granted where it would be futile, as is the situation with White's attempts to have his state law error claims reviewed in a federal habeas proceeding.

To summarize: All of the claims that White has regarding the convictions *or* sentences covered by the judgment of the San Francisco County Superior Court must be raised in a single habeas petition.  Normally, leave to amend would be granted so that White could amend the petition in the earliest action (i.e., Case No. C 10-4555) to add these new claims.  However, the new claims White asserts in these three actions cannot be pursued in any federal habeas action because federal habeas relief is not available for state law errors.  Accordingly, the court will dismiss these three petitions without giving White an opportunity to amend in Case No. C 10-4555.  There also is no reason for a stay because there is no need to exhaust state court remedies for claims that cannot support federal habeas relief.

A certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  None of these three actions is an action in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

1    These actions are DISMISSED with prejudice.  All pending motions in all three actions

2   are DENIED.  The clerk shall close the files.

3    IT IS SO ORDERED.

4   DATED: October 28, 2011

5                                                    SUSAN ILLSTON
                                                     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28